**UNITED STATES BANKRUPTCY COURT for the SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION at CINCINNATI**

In re: Brian Edward Lewis,                                    Case No.  1:10-bk-10028

## DEBTOR'S PLAN & APPLICATION TO CONFIRM

Debtor is eligible for discharge under Section 1328(f).

**1. MEDIAN INCOME / PLAN PAYMENT / PAYROLL DEDUCTION**

    **A. MEDIAN INCOME - CHOOSE ONE (X):**

    ___  **ABOVE MEDIAN INCOME**
Current Monthly Income (CMI) less means test expenses (IRS amts) = Disposable Income (D/I)

D/I (line 59 of the means test) × 60 = $_____

    X___  **BELOW MEDIAN INCOME**
Current Monthly Income (CMI) less reasonably necessary expenses = Disposable Income (D/I)

    **B. PLAN PAYMENT; PLAN LENGTH**

The debtor(s) shall pay to the Trustee an amount equal to or greater than all projected disposable income by paying the amount of  **$520.00** each month for approximately **60** months.

Unless the allowed unsecured claims are paid at 100%, the total of plan payments shall not be less than the sum of 36 confirmed monthly plan payments.

This provision does not prohibit the Debtor(s) from prepaying the plan before 36 or 60 months of plan payments.

    **C. PERCENTAGE: NON-PRIORITY UNSECURED CLAIM PERCENTAGE**

    **CHOOSE ONE:**
       ___ This is a pot plan.
     _X_ **This is a percentage plan.**  The percentage is **1** %.

The liquidation percentage for this plan is 0.0% (see below), and the Trustee will pay this amount at a minimum, or the disposable income amount, whichever is greater, not to exceed 100% of non-priority unsecured claims.

**Liquidation percentage per 11 U.S.C. 1325(a)(4)**: (Non-exempt equity) $0.00 divided by (general unsecured claims) $24,772.00 equals (Liquidation Plan Percentage) 0.0%. (See Liquidation Analysis, filed separately.)

**D. PAYROLL DEDUCTION**
The first payment is due 30 days after the date of the filing of the plan or the order for relief whichever is earlier, unless the court orders otherwise. 11 U.S.C. section 1326 (a)(1).

The employer shall make deductions from employee's wages and send deductions to the Chapter 13 Trustee. The employer is: **Direct Buy**

_____ Until a payroll order begins debtors <u>must</u> make payments by certified check or money order to:

    **Office of the Trustee, P.O. Box 290, Memphis, TN 38101-0290**

Debtor(s)' full name, case number and address must be on all certified checks or money orders.

If Debtors are employed, and the plan is proposed to be paid by wage deduction, Debtors' counsel will upload an Order for payroll deduction upon Trustee's recommendation of the plan for confirmation. Debtors must verify with their payroll that funds have actually been sent.

**2. EFFECTIVE DATE OF PLAN and VESTING OF PROPERTY OF THE ESTATE**
The effective date of the Plan shall be the date of confirmation of the Plan.

Title to the debtor(s)' property shall revest in the Debtor(s) upon confirmation of the Plan; provided, however, Debtor(s) may not sell any property, real or personal, except upon application to the Trustee or motion to the Court as specified in Local Bankruptcy Rule 6004-1.

**3. FILING OF PROOF OF CLAIM/ALLOWANCE AND PAYMENT OF CLAIMS; PRIORITY CLAIMS**
Payment shall not be made on any claim unless a proof of claim is filed with the Clerk of the Bankruptcy Court, or the Court issues an order. <u>See</u> Fed. R. Bankr. P. 3002(c).

The Trustee is authorized within her discretion to calculate the amount and timing of distributions as is administratively efficient.

All priority claims under 11 USC Section 507 shall be paid in full in deferred cash payments.

## 4. ATTORNEY FEES
The Trustee shall pay Attorney fees pursuant to filed application for fees and order of the Court.

Counsel will be paid a lump sum payment of all funds held by the Trustee at confirmation minus any adequate protection payments, mortgage conduit payments, lease payments, or Trustee fees and then **$ 100.00** every month until the attorney fee is paid.

After payment of attorney fees is completed, additional funds will flow to secured and priority creditors.

If monthly secured and priority payments exceed plan payment, attorney fees will be reduced.

## 5. ADEQUATE PROTECTION PLAN DISBURSEMENTS
Debtor(s) shall pay adequate protection payments and/or lease payments specified in 11 U.S.C. section 1326(a)(1)(B) and (C) and as scheduled in the plan to the Chapter 13 Trustee. If the case is dismissed or converted, the Chapter 13 Trustee shall pay these adequate protection payments to the below-specified creditor(s).

The trustee shall make these adequate protection disbursements with the first payment after confirmation. The creditor must file a proof of claim.

| Creditor | Monthly Adequate Protection Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
| (1) | | **(see Para 7, 8, below)** |
| (2) | | **(see Para 7, 8, below)** |

To the extent that this paragraph duplicates paragraphs 7 & 8, monthly payments proposed for secured claims in paragraphs 7 & 8 supplant these monthly adequate protection payments.

## 6. SECURED CLAIMS
Holders of allowed secured claims shall retain their security interest in the collateral until payment of the entire underlying debt or discharge of the underlying debt, whichever occurs first; whereupon, such creditors must release underlying liens, and transfer title to any collateral, pursuant to non-Bankruptcy law within thirty (30) days.

Holders of secured claims shall be paid provided that such priorities may be amended by the court at or after the confirmation hearing, and that holders of secured claims will be given priority as set forth herein over holders of unsecured claims.

A creditor holding a lien or liens which secure(s) a claim which is not allowed, or is not allowable, as a secured claim shall release such lien or liens upon confirmation of the plan, except where the subject claim is disallowed or unallowable only under 11 U.S.C. 502(b)(5) or 11 U.S.C. 502(e), or where the subject claim is not allowed as a secured claim due only to the failure of any entity to file a proof of such claim under 11 U.S.C. 501. See 11 U.S.C. 506(d).

## 7. SECURED CLAIMS - VEHICLES PURCHASED WITHIN 910 DAYS OF FILING AND OTHER VALUABLE COLLATERAL PURCHASED WITHIN ONE YEAR OF FILING

The following creditors are secured by a purchase money security interest in either a motor vehicle purchased within 910 days of bankruptcy filing, or in other valuable property purchased within one year of such filing:

| | Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim | |
|---|---|---|---|---|
| (1) | - | $0.00 | $0.00 | (in full) |
| (2) | - | $0.00 | $0.00 | (in full) |
| (3) | - | $0.00 | $0.00 | (in full) |

## 8. OTHER SECURED CLAIMS

The following creditors are secured otherwise than as described in Paragraph 7, above:

| | Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|---|
| (1) | **HSBC Auto** | **$72.00** | **$3,800.00** |
| (2) | **American General** | **$38.00** | **$2,000.00** |
| (3) | **Cincinnati Central Credit Union** | **$118.00** | **$6,275.00** |

The amount of any secured creditor's allowed secured claim shall not be greater than the amount set forth in the Plan as the **"Proposed Amount of Allowed Secured Claim"** unless the Court, prior to confirmation, orders otherwise. The inclusion in the plan of a "Proposed Amount of Allowed Secured Claim" shall not be deemed a waiver or admission as to whether any creditor's claim is an allowed secured claim, or allowable as a secured claim.

Fees, costs or charges on the a proof of claim must be reasonable under 11 USC 506(b).

If sufficient funds are not available to make a full monthly payment on all claims listed above, the available funds will be disbursed by the Trustee according to the funds she has on hand, and approximate the amounts listed above as closely as possible.

## 9. DOMESTIC SUPPORT OBLIGATION: 101(14A); 1325(a)(8); 1302(d)(1); 1302(b)(6);

**A. CHOOSE ONE:**

**X**___ This section is not applicable.

___ Debtor(s) _____ **(NAME)** is obligated to pay a domestic support obligation.

**B. CHOOSE ONE:**

___ Debtor(s) will make this payment from a current payroll deduction directly to this creditor, **and is current on this obligation**.

___ The Trustee shall make the CURRENT disbursement in the following monthly amount(s):

| Support Enforcement Agency | Monthly Payment | Paymts Beginning |
|---|---|---|
| (1) - | $0.00 | - |
| (2) - | $0.00 | - |

The monthly arrearage payment is $ _____.

The name, address, and phone number of the holder of the domestic support obligation is listed separately on Schedule E and has been identified as such so that the Trustee may send a separate notice as required.

Name, address, and telephone of the **Recipient**:
Name     _____
Address  _____
Phone    _____

## 10. PLAN DISBURSEMENTS - DEFAULT PAYMENTS "INSIDE THE PLAN"

Debtor(s) proposes to cure defaults to the following creditors by payment of the following monthly payments by the Trustee:

| Creditor | Monthly Paymt | Default to be Cured | Interest paid ? (Y/N) |
|---|---|---|---|
| (1) **HSBC Mortgage Services** | $167.00 | $10,000.00 | N |
| (2) - | $0.00 | $0.00 | N |
| (3) - | $0.00 | $0.00 | N |

**Interest on Pre-petition Mortgage Arrearage Claim(s)**
Mortgage arrearage claims involving mortgages that were entered into after October 22, 1994, shall not be paid interest.

Unless modification of creditor(s)' rights is specified in the Plan, the debtor(s)' statement(s) of the arrearage(s) under this paragraph shall be considered estimate(s), and the Trustee shall schedule the claims in the amount(s) set forth in the creditor(s)' respective Proofs of Claim (subject to debtor(s)' objections thereto).

## 11. MORTGAGE CLAIMS

**Regular mortgage payment - NOT APPLICABLE**
If the Trustee is paying the "regular" mortgage payment, any proof of claim must specify the arrearage amount and the principal amount. Also, the holder of the mortgage shall file an amended proof of claim for any changes in the required periodic mortgage payments during the life of the Plan; and the Plan will be deemed to have been modified and the Trustee will disburse the mortgage payments according to the amended proof of claim.

| Mortgagee | Monthly Payment | Paymts Beginning |
|---|---|---|
| (1) | | |

Interest should not be paid on this monthly payment.

## 12. CREDITORS PAID DIRECTLY AND NOT BY THE CHAPTER 13 TRUSTEE
Creditors who will be paid directly by the Debtor(s) and not through the Trustee are:

| Creditor | Monthly Payment | Paymts Beginning |
|---|---|---|
| (1) **EMC Mortgage** | **$996.08** | **"Feb. 2010"** |
| (2) **HSBC** | **$263.00** | **"Feb. 2010"** |

Debtors reserve the right to pay these creditors through the Plan by filing a Motion to Modify.

## 13. EXECUTORY CONTRACTS IF APPLICABLE
<u>See</u> Statement of Executory Contracts, Schedule G. The Trustee shall pay the following leases:

| Lessor | Monthly Payment | Pymt Begin Date | Assume / Reject |
|---|---|---|---|
| (1) - | $0.00 | | |
| (2) - | $0.00 | | |

**14. POST-PETITION CLAIMS and/or ADDITIONAL CREDITORS**
Post petition claims which are allowed and upon which creditors file a claim shall be paid the same percentage as pre-petition claims, which shall represent payment in full to the creditor, unless the Court orders otherwise. Debtor may file a motion to add or remove any creditor to or from the Plan.

**15. INTEREST RATE**
Secured claims shall be paid interest at the annual percentage rate of **5.00** %, based upon a declining monthly balance on the amount of the allowed secured claim. This interest shall be paid as a part of payments shown as the monthly payment.

**ALTERNATE INTEREST RATE(S) PAYABLE TO SPECIFIC CREDITORS**
The following secured creditor(s) shall not be paid interest at the rate of 5.00%, as provided above, but shall instead be paid interest at the following rates:

| | Creditor | Interest Rate |
|---|---|---|
| (1) | | |
| (2) | | |

**16. PERSONAL INJURY CLAIMS, WORKERS COMPENSATION CLAIMS, SOCIAL SECURITY CLAIMS, AND MISCELLANEOUS CLAIMS OF THE DEBTOR(S)**
The Debtor(s) shall keep the Trustee informed as to any change in status of any claims for personal injury, workers compensation, social security or any other claim to which Debtor may be entitled. Before the claim can be settled and distributed, the Debtor must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Rules. These funds shall be treated as additional plan payments or as the Court so otherwise orders. The Debtor(s)' case will not be complete until the claim has been settled and shall remain open for administration purposes until the claims has been paid into the plan or the Court so otherwise orders.

**17. TAX RETURNS AND REFUNDS**
Debtor(s) must file tax returns every year that they are in the Chapter 13 plan, unless exempt by applicable tax law. Any interest in a refund above $800 for an individual case, or $1600 for a joint case, must be turned over to the Chapter 13 Trustee unless otherwise ordered by the Court. Debtor(s) may file a motion to retain if the funds are necessary for their maintenance and support.

**18. TRANSFERRED CLAIMS**
If any creditor has transferred its claim by assignment or otherwise, the underlying debt shall be discharged as to the transferor and the transferee upon the completion of the Plan through discharge. See Fed. R. Bankr. P. 3001(e)(2).

**19. SALE OF REAL ESTATE; APPLICATION TO INCUR DEBT FOR REFINANCING**
Sale or refinancing of real estate must occur per the Local Bankruptcy Rules. The Trustee must be served with a copy of the closing statement one day before the closing.

**20. CASUALTY LOSS INSURANCE PROCEEDS**
All insurance proceeds must be turned over to the Trustee unless the debtor(s)' Counsel files a motion to retain proceeds.

**Substitution of Collateral**

If a motor vehicle is substantially damaged while there is still an unpaid claim which is secured by the vehicle, the debtor shall have the option of using the insurance proceeds to either repair the vehicle, pay off the balance of the secured claims if the secured creditor is a named loss payee on the policy, or MOVE to substitute collateral by purchasing a replacement vehicle.

If a replacement vehicle is purchased, the vehicle shall have a value not less than the balance of the unpaid secured claim, the creditor's lien will be transferred to the replacement vehicle, and the Trustee will continue to pay the secured claim.

## 21. STUDENT LOANS

**CHOOSE ONE:**
**X**___ This section is not applicable.
___ Student loans will be paid a dividend as listed below. (Note: You may only pay interest to an unsecured creditor if all claims are paid in full. 11 U.S.C. Section 1322(b)(10))

| | **Creditor** | **Percentage Paid** | **Contractual Interest - if case is 100%** |
|---|---|---|---|
| (1) | - | 1 % | n/a |
| (2) | - | 1 % | n/a |

## 22. SURRENDER OF COLLATERAL

If the Plan provides for surrender of collateral to a secured creditor, the Trustee will not schedule the affected creditor's secured claim for payment until the claim is amended to set forth an unsecured deficiency after disposition of the collateral.

Upon confirmation of the Plan, any stay created by the filing of the petition pursuant to 11 U.S.C. Section 362 shall be deemed modified to allow in rem disposition of the collateral to effect the surrender. Affected creditors are not barred by this provision from seeking pre-confirmation modification of the stay.

## 23. DISCHARGE - 11 U.S.C. Section 1328

**CHOOSE ONE:**

**X**___ Debtor(s) shall receive a discharge when all applicable requirements of 11 U.S.C. Section 1328 have been fulfilled.

___ Debtor(s) SHALL NOT receive a discharge upon completion of this case. (No discharge if Debtor(s) have received a discharge in any case filed under Chapter 7 within four (4) year period preceding the date of the order for relief under this chapter and no discharge if Debtor(s) have received a discharge in any case filed under Chapter 13 within two (2) year period preceding the date of the order for relief under this chapter - 11 U.S.C. Section 1328)

Debtor(s) filed this case on 1/5/2010.  Debtor have previously filed a Chapter 13:
   **Brian Edward Lewis: 05-17921; Filed 9/7/05; Chapter 13; SD OH WD @ Cincinnati; Dismissed 10/29/09; Judge Aug**

Unless otherwise provided herein, the Debtor(s) will not be discharged from debts PROVIDED FOR under 11 U.S.C. section 1322(b)(5).

**24. AUTOMATIC STAY**

**Indicate if motion has been filed: NO**

**CHOOSE ONE:**

**X**___ Stay is in effect as to all property of the estate unless this plan indicates otherwise.
___ 11 U.S.C. Section 362(c)(4)(B). PRIOR CASES (2 or more) PENDING WITHIN 1 YEAR
___ 11 U.S.C. Section 362(c)(3). PRIOR CASE (one) FILED WITHIN 1 YEAR
___ 11 U.S.C. Section 362(b)(20) in rem relief. WITHIN 2 YEARS of date of entry of order under 11 U.S.C. 362(d)(4)

**25. CO-SIGNERS**
Creditors who have co-signers, co-makers, or guarantors, who are not also Chapter 13 debtors, as to which co-signers, co-makers, or guarantors said creditors are enjoined from collection under 11 U.S.C. Section 1301, may be separately classified.  Such creditors may file their claims, including all of the contractual interest that is due or which will become due during the Plan.

| Creditor | Percentage Paid | Interest Paid on Claim? (Y/N) |
|---|---|---|
| (1) | | |
| (2) | | |

See Schedule H.  Payment of the amount specified in the proof of claim shall constitute full payment of the debt as to the debtor(s) and any co-signer, co-maker or guarantor.

**26. DEFAULT AND WAIVER**
Any default of the debtor that is not proposed to be cured in the plan herein is deemed waived by the confirmation of the plan.

**27. MODIFICATION**
After opportunity for hearing and upon such notice as the Court may designate, if it appears that the circumstances of the debtor(s) so require, the Court may, at the confirmation hearing or during the operation of the Plan, increase or decrease the amount of payments to be paid by the debtor or to be paid as a priority payment to any creditor, or may extend or reduce the time for such payments.

After confirmation, debtor(s) must file a motion to modify and attach an amended plan.

## 28. NOTICES
Notice to all parties shall be made by regular mail or electronically.

## 29. CONFIRMATION
The confirmation of the Plan shall constitute a finding by the Court that there is good cause to extend the Plan beyond the applicable commitment period under 11 U.S.C. Section 1325(b)(4), if the Plan calls for an extension beyond that period, and that the Plan was filed by the debtor(s) in good faith and it is the Debtor(s)' <u>best effort</u>. All conditions of 11 U.S.C. section 521 have been fulfilled or the debtor(s) have requested an order from the Court.

## 30. ADDITIONAL PROVISIONS PERTAINING TO THE DEBTOR(S)
This plan deviates from the standard plan in use in Cincinnati.

### Details of Changes

Without limitation, changes have been made to the plan, relating to which the following details of changes are afforded, which details shall not be deemed to alter or affect any actual plan provision(s) in any way:

> **Paragraph 1.**
>
> Part B: First clause amended to read:
>
>> The debtor(s) shall pay to the Trustee an amount equal to or greater than all projected disposable income by paying the amount of $_ each month for approximately _ months.
>
> Part C: expressly limits payment of non-priority unsecured claims to 100% of such claims.
>
> Part D: provides for payroll deduction order upon Trustee recommendation of confirmation.
>
> **Paragraph 6.**
>
> First clause is amended to read:
>
>> Holders of allowed secured claims shall retain their security interest in the collateral until payment of the entire underlying debt or discharge of the underlying debt, whichever occurs first; whereupon, such creditors must release underlying liens, and transfer title to any collateral, pursuant to non-Bankruptcy law within thirty (30) days.
>
> The following provision is added:
>
>> A creditor holding a lien or liens which secure(s) a claim which is not allowed, or is not allowable, as a secured claim shall release such lien or liens upon confirmation of the plan, except where the subject claim is disallowed or unallowable only under 11 U.S.C. 502(b)(5) or 11 U.S.C. 502(e), or where the subject claim is not allowed as a secured claim due only to the failure of any entity to file a proof of such claim under 11 U.S.C. 501. <u>See</u> 11 U.S.C. 506(d).

**Paragraph 7.**

First clause amended to read:

> The following creditors are secured by a purchase money security interest in either a motor vehicle purchased within 910 days of bankruptcy filing, or in other valuable property purchased within one year of such filing.

**Paragraph 8.**

First clause amended to read:

> The following creditors are secured otherwise than as described in Paragraph 7, above

Second clause amended to read:

> The amount of any secured creditor's allowed secured claim shall not be greater than the amount set forth in the Plan as the **"Proposed Amount of Allowed Secured Claim"** unless the Court, prior to confirmation, orders otherwise. The inclusion in the plan of a "Proposed Amount of Allowed Secured Claim" shall not be deemed a waiver or admission as to whether any creditor's claim is an allowed secured claim, or allowable as a secured claim.

## Additional Plan Provisions

### ADEQUATE PROTECTION PAYMENTS TO REDUCE SECURED CLAIM BALANCE(S)
Any amounts received by a secured creditor under the provisions of Paragraph 5 shall be deemed payment on, and shall reduce the balance of, such creditor's related secured claim.

### PLAN MODIFICATION
The provisions of Paragraph 27, concerning plan modification, shall not be interpreted to limit the provisions of 11 U.S.C. 1329. If the court allows, then a plan modification may proceed upon agreed order of affected parties, or upon motion and order without the filing of an amended plan.

### SALE OF REAL ESTATE DURING THE PLAN
Though a sale of real property is not contemplated by the plan, the confirmed plan, without modification, shall be deemed to allow for a sale of real estate upon separate motion or application, in accordance with Local Bankruptcy Rule 6004-1.

                                        **/s/ Brian Edward Lewis**
                              _____X
                              Brian Edward Lewis

Dated: **1/19/10**